EDWARD R. WHEELER *vs.* STATE, AT THE INSTANCE AND FOR THE USE OF MARY E. BATEMAN AND TIMOTHY A. SMITH, ADM'RS OF AQUILLA BATEMAN.—*December* 1848.

Since the act of 1825, ch. 117, a prayer, "that the plaintiffs were not entitled to recover," is too general, and for refusing to grant such a prayer, the judgment of the county court cannot be reversed on appeal to this court.

APPEAL from *Charles* county court.

This was an action of *debt*, brought on the 30th of June 1846, by the State, for the use of the appellees against the appellant, as principal, and *John G. Chapman*, as one of the sureties in a collector's bond, dated 22nd of September 1838.

*Wheeler*, the only party taken under the writ, (*Chapman* having been returned, *non est*,) appeared and pleaded general performance. The plaintiff replied, and alleged as a breach, that in the year 1840, there was allowed by the justices of the *levy court* of said county, unto *Aquilla Bateman*, who was then and afterwards register of wills of said county, the sum of

$171.33, which was assessed upon the inhabitants of said county, which the defendant collected but refused to pay over to said *Bateman* in his life time, or to the plaintiffs since his death. To this replication the defendant rejoined, denying that this allowance was made by said levy court, or assessed or collected as alleged in the replication; and upon this rejoinder, issue was joined.

At the trial the plaintiffs proved by *John R. Robertson*, a competent witness, that he is at this time clerk of the commissioners of *Charles* county, and that the books and records of the levy court came into his hands as such after the levy court was abolished, and that it appeared from the records of said levy court, which witness then held in his hands, and from which he read, that the amount mentioned in the replication was levied in 1840, by the said levy court, for the use of *Aquilla Bateman*, and that *Edward Wheeler* was collector for that year. They further proved, by *John Lawson*, a competent witness, that the bond mentioned in the declaration was executed by said *Wheeler*, on the 22nd of September 1840, and not in 1838. The defendant then prayed the court to instruct the jury that, the "plaintiffs were not entitled to recover," which instruction the court refused. The defendant excepted, and the verdict and judgment being against him, appealed to this court.

The cause was argued before DORSEY, C. J., MARTIN and FRICK, J.

By REEDER for the appellant, and
By CAUSIN for the appellee.

DORSEY, C., J., delivered the opinion of this court.

The only question presented for our determination by the record before us, (and that, after the repeated decisions of this court, is no question at all,) is, were the county court right in refusing to grant the defendant's prayer, as stated in his bill of exceptions, "that the plaintiffs were not entitled to recover?" So uniform and consistent have been the adjudications of this court since the passage of the act of 1852, chap. 117, that for a

county court's refusing to grant such a prayer, its judgment cannot be reversed on appeal to this court, that we do not deem it necessary to give the names of the cases in which such adjudications have been made.

The numerous other questions, which have been argued at great length by the appellant's counsel, not being presented by the record for our consideration, it would be out of place in this court to express any opinion upon them.

The judgment of the county court is affirmed.

JUDGMENT AFFIRMED.